IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODOLFO POBLADOR AGNER** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> HON. ALBERTO GONZALEZ, et al., ) <br> ) <br> Respondents. ) <br> ) <br> ) <br> _____ ) | 1:06-CV-01133-LJO WMW HC <br><br> **MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS FOR MOOTNESS** <br><br> [Doc. 13] |

Petitioner is an Immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 1, 200, the court entered an order requiring Respondents to show cause within 45 days why the petition should not be granted. On February 24, 2007, Respondents filed a motion to dismiss this petition for mootness. Petitioner has not opposed the motion.

**DISCUSSION**

In support of their motion to dismiss, Respondents submit a copy of a DACS Custody

Summary Inquiry indicating that Petitioner was removed on January 2, 2007. Petitioner is thus no longer in the custody of the Bureau of Immigration and Customs Enforcement (BICE).[1] Respondents therefore request that the petition be dismissed as moot.

The case or controversy requirement of Article III of the federal Constitution deprives the court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court has no power to decide a case that does not affect the rights of litigants in the case before it. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990); Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). In other words, a petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable judicial decision. Spencer v. Kemna, 118 S.Ct. 978, 983 (1998); Iron Arrow, 464 U.S. at 70; NAACP, Western Region, 743 F.2d at 1353.

In Picrin-Peron v. Rison, 930 F.2d 773 (9th Cir. 1991), the Ninth Circuit reviewed the case of a Cuban national who had been ordered excluded by the INS but whom remained in the INS's custody because the INS was unable to physically remove the alien to Cuba. Id. at 774. By the time the Ninth Circuit reviewed the case, however, the petitioner had been released from the INS's custody. Id. at 774-775. The Ninth Circuit noted that normally the government's cessation of an illegal action which the government can resume at any time

---

[1] On March 1, 2003, the Homeland Security Act of 2002, Pub.L. 107-296, 116 Stat. 2135 (November 25, 2002) went into effect creating the Department of Homeland Security. This Act abolished the Immigration and Naturalization Service and restructured the entire immigration system See, 6 U.S.C. § 291 (2003). As part of this reorganization, a Secretary of Homeland Security has been designated as the head of the department. See, 6 U.S.C. § 557 (2003). The Bureau of Immigration and Customs Enforcement ("BICE") was created and is tasked with enforcement functions relating to the detention and removals of aliens formerly handled by the INS.

does not render a case moot, see, e.g., Mesquite v. Alladin' Castle, Inc., 455 U.S. 283, 289 (1982), but this rule had never been applied to habeas corpus petitions. Picrin-Peron, 930 F.2d at775-556. The Ninth Circuit then found that because the habeas petition only requested the petitioner's release from the INS's custody and the INS had released the petitioner, there was no further relief the court could provide. Id. at 776. The Ninth Circuit then dismissed the action. Id. at 776.

Pursuant to the reasoning of Picrin-Person, this instant case is moot. The petition alleges that Petitioner is being indefinitely confined and seeks his immediate releases from Immigration custody. According to the documentation provided by Respondents, Petitioner has been released from custody. Accordingly, there is no further relief the court can provide, see Picrin-Peron, 930 F.2d at 776, and a decision in Petitioner's favor will not redress any injury suffered by Petitioner.

The mootness rule is subject to a "capable of repetition yet evading review" exception. See Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when: (1) the "duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation;" and (2) there is a reasonable probability that the petitioner will again be subject to the challenged activity. Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see also County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

Petitioner has not opposed the Custody Summary Inquiry provided by Respondent and thus has not argued that his detention by the BICE is "capable of repetition yet evading review." The court notes that Petitioner's confinement by BICE is capable of repetition, and it is highly probable that Petitioner will again be subject to the challenged activity should he find himself again in BICE custody. Should such circumstances occur, there is no reason why Petitioner cannot again file a habeas corpus petition concerning the alleged violation of his liberty interest. That such a petition is capable of addressing Petitioner's injury is

supported by the numerous habeas corpus petitions which are currently being resolved by this court concerning aliens ordered deported but whom remain in BICE custody because they have not yet been removed. See Fed. R. Evid. 201(b) (court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

Further, this court cannot determine if the BICE's possible future confinement of Petitioner will violate Petitioner's Constitutional rights.  Any fear that the BICE may take an action against Petitioner in the future does not create a case or controversy because such a case is not ripe for adjudication.  See United Pub. Workers v. Mitchell, 330 U.S. 75, 91 (1947), *overruled on other grounds by* Adler v. Board of Educ., 342 U.S. 485 (1952); Associated Gen. Contractors v. Coalition for Econ. Equity, 950 F.2d 1401, 1406 (9th Cir. 1991). "Concrete legal issues, presented in actual cases, not abstractions are requisite" for the adjudication of a case.  United Pub. Workers, 330 U.S. at 75, 67 S.Ct. at 564.

Thus, Petitioner's habeas corpus petition must be dismissed because the BICE's removal of Petitioner has rendered the habeas corpus petition moot.  In addition, the court cannot review potential future detention of Petitioner by BICE after he is released from custody because such an issue is not yet ripe for adjudication.

In light of the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED;

2) This petition for writ of habeas corpus is DISMISSED as moot;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   March 22, 2007**             /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES DISTRICT JUDGE

4